City of Appleton, Plaintiff-Respondent,
v.
Alan F. Schleinz, Defendant-Appellant.
No. 04-0893.
Court of Appeals of Wisconsin.
Opinion Filed: August 31, 2004.
¶1 HOOVER, P.J.[1]
Alan Schleinz appeals a judgment of conviction for operating a motor vehicle while intoxicated, first offense. Schleinz maintains the police officer lacked probable cause to administer a preliminary breath test (PBT) because the officer had not yet administered field sobriety tests. Schleinz argues the probable cause necessary to administer a PBT is the same as the probable cause necessary to make an arrest, and such probable cause was lacking. Thus, he argues that the results of the field sobriety tests must be suppressed as fruits of an unlawful arrest. We conclude under controlling precedent that the probable cause necessary to administer a PBT is less than that necessary to make an arrest and that sufficient probable cause existed to administer the test. Therefore, administering the PBT did not amount to an unlawful arrest and the circuit court properly admitted the results of the field sobriety tests. We affirm the judgment.

BACKGROUND
¶2 On July 4, 2003, at approximately 9:15 p.m., officer Nathan Mrnak was driving in his squad car when he heard an engine revving and noticed a car moving toward him at a high rate of speed. He did not get a radar reading on the car, but visually estimated the car's speed at forty-five to fifty-five miles per hour in a thirty-mile-per-hour zone. Mrnak stopped the car and identified the driver as Schleinz.
¶3 When talking to Schleinz, Mrnak smelled the odor of an intoxicant and observed that Schleinz's eyes were glassy. Mrnak asked Schleinz if he had been drinking. Schleinz replied that he had a couple of drinks at a local bar. Based on this information, Mrnak believed that Schleinz was operating under the influence and called for backup. Before backup arrived, Mrnak asked Schleinz to perform a PBT, which Schleinz did. Afterwards, once backup arrived, Mrnak administered field sobriety tests. Based on the results of these tests, Mrnak arrested Schleinz for operating while under the influence of an intoxicant. Schleinz was subsequently charged with operating a motor vehicle while under the influence of an intoxicant as well as operating with a prohibited alcohol concentration.
¶4 Before trial, Schleinz moved to suppress all evidence obtained after Mrnak administered the PBT. Schleinz argues that Mrnak needed probable cause to administer the PBT. He contended that because Mrnak administered the PBT before the field testing, Mrnak did not have probable cause to administer the PBT. Thus, Schleinz maintains he was effectively arrested without probable cause and all evidence obtained thereafter is not admissible. The court agreed that Mrnak should have completed field sobriety testing before the PBT and that there was no probable cause to administer the PBT. However, the court determined that the error was of no consequence because Mrnak would have done the field sobriety tests anyway. Thus, Mrnak gained no advantage by administering the PBT before the field sobriety tests. Furthermore, the court concluded that administering the PBT did not amount to an arrest. At most, the court concluded that the PBT would have to be excluded for purposes of assessing whether Mrnak had probable cause to arrest Schleinz. However, the evidence obtained after the PBT would not be excluded. The court therefore denied Schleinz's motion.
¶5 Schleinz stipulated that if the results of the field sobriety tests were not suppressed, there was probable cause to arrest him. The court found him guilty of operating a motor vehicle while intoxicated. The charge of operating with a prohibited alcohol concentration was dismissed.

DISCUSSION
¶6 When reviewing the denial of a motion to suppress evidence, we will uphold the circuit court's findings of fact unless they are clearly erroneous. State v. Eckert, 203 Wis. 2d 497, 518, 553 N.W.2d 539 (Ct. App. 1996); see also WIS. STAT. § 805.17(2). However, we will independently determine whether the facts found by the circuit court satisfy applicable statutory and constitutional provisions. State v. Ellenbecker, 159 Wis. 2d 91, 94, 464 N.W.2d 427 (Ct. App. 1990).
¶7 Schleinz's argument stems from WIS. STAT. § 343.303, which states that before an officer administers a PBT, the officer must have "probable cause to believe that the person" is driving while under the influence. Schleinz maintains that because Mrnak administered the PBT before field sobriety tests, he did not have probable cause to believe Schleinz was driving while under the influence. Schleinz contends that the phrase "probable cause" in the statute means that the officer must have probable cause to arrest a driver before the officer administers the PBT. Schleinz argues that because Mrnak administered the PBT before having probable cause to arrest him, Mrnak exceeded the permissible scope of the traffic stop. Thus, Schleinz argues the administration of the PBT amounted to an unlawful arrest, and all evidence obtained subsequent to the arrest must be suppressed. We disagree.
¶8 In County of Jefferson v. Renz, 231 Wis. 2d 293, 603 N.W.2d 541 (1999), our supreme court discussed the meaning of the phrase "probable cause to believe" found in WIS. STAT. § 343.303. The issue it was asked to decide was "whether a law enforcement officer is required to have probable cause for arrest before asking a suspect to submit to a PBT." Id. at 295. The supreme court answered that question in the negative. Id.
¶9 The court noted that the PBT is a tool used to determine whether probable cause to arrest existed. Thus, it made sense to conclude that "`probable cause to believe' must mean something less than probable cause for arrest." Id. at 304. The court determined it would be unreasonable to equate "probable cause to believe" with probable cause to arrest, because the PBT is intended to assist an officer in determining whether there is probable cause to arrest. Instead, it concluded "that our case law establishes that `probable cause to believe' has different meanings at different stages of criminal proceedings. Furthermore, the legislative history shows that the legislature intended to allow an officer to request a PBT as a screening test before establishing probable cause for an OWI arrest." Id. at 307.
¶10 The court stated that the proof necessary to administer a PBT is "more proof than `any presence' of an intoxicant but less than probable cause for an arrest."[2]Id. at 310. As indicated, the PBT is merely a tool an officer can use to determine whether there is probable cause to arrest a driver. Id. at 310-11.
¶11 Thus, the supreme court's conclusion in Renz belies Schleinz's assertion that administering the PBT in the absence of probable cause to arrest amounts to an unlawful arrest. Through his argument, Schleinz refers merely to "probable cause." However, he fails to recognize the different levels of probable cause as discussed in Renz.
¶12 Although the circuit court concluded that Mrnak did not have probable cause to believe Schleinz was operating while under the influence, we conclude otherwise. Mrnak had more proof than just "any presence" of alcohol to indicate that Schleinz was driving while under the influence of an intoxicant. Mrnak heard Schleinz rev his engine and observed him speeding. Mrnak smelled an odor of an intoxicant when he spoke to Schleinz after stopping him. Mrnak observed that Schleinz had glassy eyes, a typical indication of intoxication. Finally, Schleinz admitted to having a couple of drinks. We conclude this gave Mrnak probable cause to believe Schleinz was driving while intoxicated. Thus, although Mrnak administered the PBT before the field sobriety tests, this did not amount to an unlawful arrest.[3] Therefore, the circuit court properly denied Schleinz's motion to suppress.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] In contrast, an officer may request a PBT of a commercial driver upon the detection of "any presence" of an intoxicant or if the officer has "reason to believe" the driver is operating under the influence of an intoxicant. County of Jefferson v. Renz, 231 Wis. 2d 293, 310-11, 603 N.W.2d 541 (1999); see also WIS. STAT. § 343.303.
[3] The circuit court concluded, based on Renz, that it was improper to administer the PBT before the field sobriety tests. However, we express some reservation whether Renz actually requires that testing be done in any particular order. Nevertheless, the City of Appleton does not contest the court's determination in that regard, and we therefore need not decide the issue. Ultimately, the court's decision to deny the suppression motion was correct.